[No. 38719. Department Two. December 1, 1966.]

SHARON DYKES, *Appellant,* v. CHARLES DYKES, *Respondent.*

*In the Matter of the Guardianship of* JEFFREY IRVIN DYKES *et al., Minors.**

*J. D. Searle,* for appellant.

*Campbell & Gober,* by *Lee J. Campbell,* for respondent.

PER CURIAM.—By writ of certiorari, orders entered after a consolidated trial of two related causes are before us for review. Since both orders treat with the custody of minor

*Reported in 420 P.2d 861.

children, the procedure is proper. Rule on Appeal 57, RCW vol. 0.

The first order modifies a decree of divorce; it gives to Charles Dykes, respondent-father, the custody of his three minor children. The second order denies the petition of Jack and Edna Kerrigan, the maternal grandparents of the minor children, to be appointed guardians of the persons of said children.

Basically, this is a factual review.

April 13, 1959, Sharon Dykes (now Sharon Hayes; daughter of Jack and Edna Kerrigan) was granted a default decree of divorce from Charles Dykes, who was given rights of reasonable visitation.

The children apparently spent considerable time with their grandparents rather than with their mother.

August 7, 1964, the juvenile court, after a hearing, finding Sharon an unfit person to have their care and control, temporarily deprived her of custody of the children. February 24, 1965, custody was restored to her, but, on July 28, 1965, the juvenile court again deprived her of custody for the same reasons and declared the children dependent. Charles Dykes, the father, was not a party to the juvenile court proceedings.

October 15, 1965, Charles Dykes petitioned for modification of the 1959 divorce decree and asked for custody of the children. December 7, 1965, the grandparents countered with a petition for their appointment as guardians of the persons of the children.

Thus issue was joined.

The trial court found that Charles Dykes had remarried, had a good wife, a good and proper home, was ambitious and regularly employed as service manager of a garage, and was a fit and proper person to have the care, custody and control of his three minor children. The record supports these findings.

On the other hand, there is a plethora of evidence to support the trial court's finding that Sharon is not a fit and proper person to have custody of the children. In fact,

she admitted her unfitness at the trial, but supported her parents' guardianship petition.

We have announced consistently (too often to need citation of authority) that in custody cases the welfare and best interests of the children are of prime and controlling importance. The trial judge was most meticulous in his oral opinion (which covers 16 pages of the statement of facts) to consider every facet of the evidence in the light of this principle.

We have always placed strong reliance on the trial judge's determination of what course of action will be in the best interests of children. *Kehus v. Euteneier,* 59 Wn.2d 188, 367 P.2d 27 (1961), and cases cited. As the court pointed out in *Sweeny v. Sweeny,* 43 Wn.2d 542, 262 P.2d 207 (1953), the trial judge enjoys a great advantage over us in matters of trial atmosphere, and opportunity to observe witnesses personally so that he may gauge first hand their candor and truthfulness. The court said:

> we are reluctant to disturb a custody disposition made by the trial court, and we will do so only upon a showing of manifest abuse of discretion by the trial court.

We find no abuse of discretion; hence, it was not error to modify the divorce decree.

Since the natural father was found to be a fit and proper person to have the care, custody, and control of his minor children, the grandparents, in the circumstances of the instant case, are not entitled to be appointed guardians of their grandchildren. The order dismissing their petition is affirmed.

We find the assignments of error directed toward evidentiary rulings to be without merit.